BASKIN, Judge.
Homeowners James P. Beggins, Jr. and Victoria Beggins appeal a final summary judgment entered in favor of Beall & Asso- *528 dates Roofing Corporation [1] in a suit[2] in which they sought to recover damages in connection with the faulty construction of an addition to their home.
The Beggins employed Beall to remove a roof already in place and to apply a new base and a new roof on the home with an extension over the addition. Appellants contend that Beall breached its contract by failing to provide adequate drainage and, in addition, negligently failed to disclose existing defects it should have discovered in the course of its work.[3] Beall responds, in an affidavit in support of its motion for summary judgment, that the water drainage problem, including the puddling of water on the flat roof deck, was not a violation of accepted construction standards in the roofing industry and is a common condition in Dade County where the installation of rafters and sheeting is accomplished by persons not employed by the roofer. Beall also contends that performance of its contract would not have changed the pitch of the roof, which was the cause of the puddling. Beall denies any obligation to provide construction advice.
In our view, the pleadings and affidavits filed by the parties raise genuine issues of material fact which remain to be decided. Holl v. Taleott, 191 So.2d 40 (Fla.1966); Leatherby Insurance Co. v. Matherly, 334 So.2d 134 (Fla. 3d DCA 1976). These questions include, among others, determinations as to whether Beall installed the roof over an improperly fitted wall section and, if so, whether it was remiss in its obligation. At issue under the contract is the question of whether Beall had an obligation to provide adequate drainage and whether it did, in fact, do so.
For these reasons, we reverse the summary judgment entered by the trial court and remand for further proceedings.

. Mr. and Mrs. Beggins were sued for non-payment by the second contractor engaged to complete their addition. They filed a claim for damages against Beall & Associates Roofing Corp. as third-party defendant as well as against Additions Unlimited, the first general contractor, and against Braden-Lyns Associates, Inc., the architectural firm involved in the construction.

. Appellants’ appeal from a final summary judgment in favor of Additions Unlimited is the subject of case number 80-990 decided this date; appellants’ appeal from the final summary judgment in favor of Braden-Lyns Associates, Inc. is the subject of case number 80-988 decided this date.

.Appellants filed an affidavit stating that a representative of Beall admitted he had put down a portion of the roof over an improperly filled wall section.